**UNITED STATES of America**

v.

**Michael BARRETT, Appellant.**

**No. 09–1378.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 13, 2010.

Filed: Sept. 20, 2010.

Arlene D. Fisk, Esq., William L. Inden, Esq., Bernadette A. McKeon, Esq., Lauren M. Ouziel, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Appellee.

Stephen J. Britt, Esq., Blue Bell, PA, for Defendant–Appellant.

Before: RENDELL, FISHER and GARTH, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Defendant Michael Barrett appeals his convictions and sentence on drug and gun charges stemming from two separate arrests, the first in connection with a police search of an apartment and the second in connection with a police search of Barrett's car. Barrett was convicted of possession of heroin, cocaine base, and marijuana; possession of a firearm in furtherance of drug trafficking; possession of a firearm by a convicted felon; and related school-proximity counts based on charges arising out of the apartment search. The District Court held a separate trial for the charges arising out of the car search, in which Barrett was convicted of possession of a firearm by a convicted felon but acquitted of marijuana possession, possession of a firearm in furtherance of drug trafficking, and a related school-proximity count.

Barrett's appeal raises four issues: 1) he challenges the District Court's admission of the testimony of two different police officers under Federal Rules of Evidence 701(c) and 704(b); 2) he challenges the sufficiency of the evidence used to establish constructive possession in both trials

and to establish that possession of a firearm in the first trial was in furtherance of drug trafficking; 3) he challenges the reasonableness of his sentence; and 4) he asks to preserve his right to move for a new trial pending the outcome of law enforcement investigations of Officer Jeffrey Cujdik. We find that none of his arguments has merit, and we will affirm.[1]

### I.

Barrett first argues that the District Court erred when it admitted (a) the testimony of Philadelphia Police Sergeant Michael Gorman that the evidence found in the apartment in which Barrett was arrested was consistent with a large-scale drug operation and (b) the testimony of Detective Freddie Chaves concerning the connection between the firearms found in the apartment and the drug operation.

Sergeant Gorman testified that the evidence recovered from the apartment where Barrett was arrested reflected "a large-scale operation for the sale of heroin and cocaine" and that the "individuals that were inside of this location were running a large-scale" operation. Barrett argues that this testimony was impermissible lay opinion testimony in violation of Federal Rule of Evidence 701 or, alternatively, that the testimony provided an impermissible expert opinion as to the defendant's mental state in violation of Federal Rule of Evidence 704(b).

█ Because Barrett failed to preserve these issues at trial, we review them for plain error.[2] See United States v. Boone, 279 F.3d 163, 174 n. 6 (3d Cir.2002). Thus,

---

1. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2. Barrett objected to Gorman's testimony, but only on relevance grounds, even though the District Court specifically raised the question

of Gorman's qualifications to offer the testimony. Under these circumstances, we cannot conclude that the substance of Barrett's Rule 701 and 704 objections "were made known to the court by offer" or were "apparent from the context within which questions were asked." Fed.R.Evid. 103(a)(2).

Barrett must show that the District Court erred, that the error is so obvious under the law so as to be plain, and that the error affected substantial rights. *See Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ Barrett cannot satisfy this standard. His first argument fails because Sergeant Gorman's opinion that the evidence recovered from the trash pulls reflected a large-scale drug operation was not based on any "scientific, technical, or other specialized knowledge." Fed. R.Evid. 701. In light of uncontroverted testimony that the police had, on several occasions, recovered bags containing cocaine and heroin residue and other materials commonly used to package drugs (rubber gloves, a surgical mask, and empty baking soda boxes) from trash that came from inside the apartment, Gorman's conclusion that the apartment was used to conduct a "large-scale" drug operation was the sort of conclusion that any reasonable layperson could have reached; it did not reflect any particular expertise. *See* Fed. R.Evid. 701 advisory committee notes (explaining that testimony that " 'results from a process of reasoning familiar in everyday life' " is permissible under the Rule) (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn.1992)).

■ Similarly, Gorman's testimony that "the individuals that were inside of this location" were running a large-scale drug operation did not violate Rule 704(b). Gorman's testimony concerned *acts* that were occurring inside the apartment and did not offer an opinion on anyone's mental state. Moreover, the context of Gorman's testimony makes clear that he was speaking generally about whoever was operating out of the apartment, not about Barrett in particular. Thus, Gorman was not "testifying with respect to the mental state or condition of" the defendant, Fed.R.Evid. 704(b), and the District Court did not plainly err in admitting his testimony.

■ Barrett also argues that Detective Chaves's testimony violated Rule 704(b). Because Barrett properly preserved his objection to Chaves's testimony, we review for abuse of discretion. *United States v. Watson*, 260 F.3d 301, 306 (3d Cir.2001). Detective Chaves was qualified and testified as an expert on the connection between drugs and guns. He described the general connection between drugs and guns and testified that the presence of guns in the apartment in which Barrett was arrested was "consistent" with the use of guns for protection in a drug operation. The testimony did not reference Barrett (and, in fact, Chaves elsewhere made clear that he was not involved in the investigation and his testimony had "[n]othing to do with the persons who were arrested") or provide any insight into any particular individual's state of mind. Therefore, the District Court's decision to admit the testimony was not an abuse of discretion. *See United States v. Davis*, 397 F.3d 173, 179 (3d Cir.2005) (finding no abuse of discretion where district court admitted expert testimony that provided "no potential for the jury to conclude" that the witness "had any special insight into the thoughts or intent of the defendants").

## II.

Barrett's second argument incorporates three sufficiency of the evidence challenges.[3]

---

**3.** Our standard of review for challenges to the sufficiency of evidence presented to a jury is particularly deferential. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir.1998). We view the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* (citations omitted).

■ First, Barrett contends that the government presented insufficient evidence to establish that he constructively possessed the drugs and firearms found in the search of the apartment. "Constructive possession exists if an individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir.1992)(internal quotations omitted). Dominion and control need not be exclusive, but they must be established by something more than "[m]ere proximity." *United States v. Introcaso*, 506 F.3d 260, 270–71 (3d Cir.2007) (citations omitted).

Here, in addition to having been found in an apartment containing drugs and packaging material in plain view in the kitchen and guns hidden in the living room, Barrett had a key to the apartment in his pocket; he was observed by the police disposing of trash from the apartment that was found to contain drugs and drug packaging paraphernalia; and he fled to the second floor when the police arrived to execute the warrant. Thus, the government did not rely solely on Barrett's proximity to the drugs or guns, and evidence of Barrett's constructive possession of the drugs and guns was sufficient to support the jury's convictions.

■ Second, Barrett argues that the evidence presented was insufficient to support the jury's conviction for possession of the guns in furtherance of drug trafficking activities under 18 U.S.C. § 924(c). In *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir.2004), we set forth the following, nonexclusive list of factors that are relevant to establish a connection between guns and drug trafficking activities for purposes of charges brought under § 924(c): the type of drug activity, the accessibility of the weapon, whether the weapon is stolen, whether possession of the weapon is legitimate or illegal, whether the weapon is loaded, proximity to drugs recovered, and the time and circumstances of recovery. All of those factors support the conviction in this case, where the evidence showed that the premises were used to package drugs; the guns were easily accessible to any person in the apartment; one of the weapons did not have a serial number and the other was stolen; Barrett did not have a permit for the guns and, as a convicted felon, was prohibited from owning a firearm; the weapons were loaded; and the guns were recovered during the execution of a duly authorized warrant. Thus, on this charge, too, the evidence supported the jury's conviction.

■ Third, Barrett challenges the sufficiency of the evidence presented in the second trial to establish that he possessed the gun that the police found in his vehicle. Here again, the evidence was sufficient to support the jury's verdict. Barrett owned, and was the only passenger in, the car that was the subject of the search. The government offered testimony that Barrett was under police surveillance, that he was observed engaging in what appeared to be narcotics sales, and that he ran a red light to avoid police surveillance, after which he was stopped and arrested. The police secured a warrant to search the car, and found the gun, which was loaded, under the front passenger floor mat. Taken together, Barrett's ownership and operation of the car and the circumstances surrounding Barrett's arrest provide sufficient evidence that Barrett constructively possessed the gun. *See United States v. Iafelice*, 978 F.2d 92, 97 (3d Cir.1992). Accordingly, we will not disturb the jury's verdict.

## III.

Barrett's third issue on appeal challenges the reasonableness of his sentence.

As Barrett did not raise his objection at sentencing, our review is for plain error. *See United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir.2002).

■ Barrett argues that the District Court erred in adopting a sentencing calculation that incorporated the portion of U.S. Sentencing Guidelines § 2D1.1 that treats 1 gram of crack cocaine as the equivalent of 100 grams of powder cocaine for purposes of calculating an offender's Base Offense Level. According to Barrett, the District Court "should have started the sentencing analysis with a guidelines range that was calculated using a lower ratio than 100:1." App. Br. 45.

This challenge fails, for two reasons. First, the District Court did not err in using the ratio set forth in § 2D1.1 to calculate Barrett's Base Offense Level. In *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Spears v. United States*, 555 U.S. 261, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009), the Supreme Court held only that a sentencing court *may* depart from the Guidelines' 100:1 ratio, not that it *must* do so. *See, e.g., United States v. Wise*, 515 F.3d 207, 223 (3d Cir.2008) (holding, after *Kimbrough*, that sentence imposed based on range calculated using 100:1 ratio was not substantively unreasonable).

Second, even assuming that Barrett's Base Offense Level had been calculated incorrectly (although, as discussed above, it was not), that would not have affected his guideline sentencing range. Barrett's sentencing range was determined based on his status as career offender under Sentencing Guideline § 4B1.1, which yielded an offense level of 34 and superseded his § 2D1.1 Base Offense Level of 28. Changing the ratio used to calculate Barrett's § 2D1.1 Base Offense Level would not change his § 4B1.1 career offender offense level and, therefore, would not lower Barrett's ultimate sentencing range. *Cf. United States v. Mateo*, 560 F.3d 152, 154–55 (3d Cir.2009) (where defendant's sentencing range was determined by the alternative career offender level set forth in § 4B1.1, district court did not err in denying defendant's motion to reduce his Base Offense Level).

### IV.

■ Finally, Barrett asks this Court to preserve his right to challenge his conviction at a future date pending the outcome of ongoing state and federal investigations of Philadelphia Police Officer Jeffrey Cujdik. Officer Cujdik is under investigation based on allegations that he engaged in misconduct in the preparation of search warrants involving a particular confidential informant. Officer Cujdik was not the affiant on the warrant used to search the apartment that led to Barrett's arrest, and the confidential informant implicated in the investigations is not the confidential informant on whom the police relied in Barrett's case. In fact, Barrett does not allege wrongdoing by Cujdik or any other officer in connection with this case; he argues only that the investigations might turn up evidence that he could use to challenge his conviction at a later date.

We deny Barrett's request. Barrett does not seek any immediate relief, and does not point us to any authority that would allow us to hold his case in abeyance pending the outcome of the ongoing investigations. Should the investigations uncover any information that impacts Barrett's conviction, Barrett may apply to the District Court for appropriate post-conviction relief. *See* 28 U.S.C. § 2255.

**V.**

For the foregoing reasons, we will affirm the judgment of the District Court.